NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUN 2 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RANBIR SINGH, | No. 14-73060 |
| Petitioner, | Agency No. A041-813-074 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 24, 2017[**]

Before:     THOMAS, Chief Judge, and SILVERMAN and RAWLINSON, Circuit Judges.

Ranbir Singh, a native and citizen of Fiji, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for withholding of removal and relief under the Convention Against Torture ("CAT"). Our jurisdiction is

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008), and review de novo questions of law, *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

Singh contends he will be persecuted based on country conditions for Indo-Fijians, and based on Singh's and his family's past experiences in Fiji. Substantial evidence supports the agency's conclusion that Singh failed to establish that it is more likely than not he will be persecuted. *See Halim v. Holder*, 590 F.3d 971, 975-77 (9th Cir. 2009) (although petitioner was discriminated against and harassed, he failed to make a compelling showing that his fear was objectively reasonable); *Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003) (possibility of persecution "too speculative"); *see also Gonzalez-Hernandez v. Ashcroft*, 336 F.3d 995, 1000-01 (9th Cir. 2003) (agency rationally construed country report). We reject as without merit Singh's contentions that the BIA applied an incorrect legal standard or otherwise erred in its analysis. Further, we lack jurisdiction to consider Singh's contention that the IJ erred in his interpretation of what constitutes persecution because he did not raise this issue to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004). Thus, Singh's withholding of removal claim fails.

Finally, Singh does not challenge the agency's denial of his CAT claim. *See*

14-73060

*Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-1080 (9th Cir. 2013) (issues not specifically raised and argued in a party's opening brief are deemed waived).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**